UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 07-50025-01-AWB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER DENYING IN PART** |
| | ) | **AND GRANTING IN PART** |
| MICHAEL WALDRON, | ) | **MOTION FOR RETURN** |
| RYAN LUMBERRY, | ) | **OF PROPERTY** |
| RICHARD FISHER, | ) | |
| | ) | |
| Defendants. | ) | |

Defendant Michael Waldron has filed a motion for return of property seized as the result of a traffic stop on December 19, 2005. Docket 73. The Government opposes the motion. Docket 74. For the reasons stated below, the motion is granted in part and denied in part.

Defendant requests the return of "all non-contraband items seized by law enforcement, including firearms." Docket 73, page 1. These items were seized during a traffic stop that occurred on December 19, 2005, at which Defendant and two others were arrested. At this time, Defendant states, all federal charges have been dismissed and this matter has been fully resolved in both state and federal court. Specifically, Defendant seeks the return of tools, clothing, paperwork, and firearms that were found in his truck. Id. at 2. Since Defendant is a felon and therefore cannot legally possess the firearms himself, he states "he will relinquish ownership of all firearms to a designated family

member or third party." Id.

The Government objects to the return of the firearms because Defendant is a felon and federal law prohibits felons from possessing firearms. "[A]warding possession [of the firearms] back to the individual would be in violation of 18 U.S.C. § 922(g)," argues the Government  Docket 72, page 2.

Federal Rule of Criminal Procedure 41(g) provides in pertinent part:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized.  The court must receive evidence on any factual issue necessary to decide the motion.

"Generally, a motion for return of property is properly denied (1) if the defendant is not entitled to lawful possession of the seized property[.]" United States v. Willson, 2001 WL 521446, *1 (8th Cir. May 17, 2007).  "When it is apparent that the person seeking a return of the property is not lawfully entitled to own or possess the property, the district court need not hold an evidentiary hearing."  United States v. Felici, 208 F.3d 667, 670 (8th Cir. 2000), *cert. denied* 528 U.S. 976, 120 S. Ct. 424, 145 L. Ed. 2d 332 (1999).

The Defendant is a convicted felon, and therefore his possession of a firearm would be a federal offense.  In light of these facts, the Court denies Defendant's motion for return of the firearms seized in the December 19, 2005, traffic stop.  Since Defendant's actual or constructive possession of the firearms would itself violate 18 U.S.C. § 922(g)(1), he is not entitled to return of the firearms to himself or to a designated family member or third party.  See Willson, 2001 WL 521446 at *1 (upholding denial of return of firearm to felon);

Felici, 208 F.3d at 670 (stating that "[a]ny firearm possession, actual or constructive, by a convicted felon is prohibited by law"). Cf. United States v. Parsons, 472 F. Supp. 2d 1169 (N.D. Iowa 2007) (ordering government to turn over firearms to third party when Defendant was not convicted felon at time of his possession and when third party's possession wouldn't amount to constructive possession by Defendant). "Requiring a court to return firearms to a convicted felon would not only be in violation of a federal law, but would be contrary to the public policy behind the law. . . . Obviously, the courts cannot participate in a criminal offense by returning firearms to a convicted felon." United States v. Howell, 425 F.3d 971, 976-77 (11th Cir. 2005). For these reasons, Defendant's motion with regard to the firearms seized from his truck is denied.[1]

While the Government objects to a return of the firearms to Defendant, it does not appear to oppose the return of the rest of Defendant's property. See Docket 74. Accordingly, Defendant's motion is granted in part, and the Court orders the Government to return all of Defendant's property, except for the firearms, that was seized in the December 19, 2005, search of Defendant's

---

[1] The Court notes that Defendant in his brief relies on Black Hills Institute of Geological Research v. United States Dep't of Justice, 967 F.2d 1237 (8th Cir. 1992) to argue that the Court should analyze and weigh several factors in an equitable proceeding. However, in that case, the court's decision regarding the return of property was not based on Federal Rule of Criminal Procedure 41. Instead, it was a suit "based on the general equitable jurisdiction of the federal courts," a remedy that the Eighth Circuit "should be exercised cautiously." Id. at 1239. Because of the differences between that case and the facts here before this Court, the Court chooses to rely on the cases cited in the body of this opinion.

truck.

    For the reasons stated above, it is hereby

    ORDERED that Defendant's motion for return of property, Docket 73, is DENIED IN PART and GRANTED IN PART, in accordance with the order above.

    Dated August 11, 2008.

        BY THE COURT:

        /s/ Andrew W. Bogue
        ANDREW W. BOGUE
        SENIOR DISTRICT JUDGE